Robert PAVEK, Plaintiff,

v.

RANCHERS FUR AUCTIONS, cooperative, a Wisconsin Cooperative Association,

and

Standard Marine Insurance Company Limited, a Foreign Insurance Corporation, Defendants.

No. 61-C-332.

United States District Court
E. D. Wisconsin.

March 18, 1963.

Kenneth M. Plaisted, New Holstein, Wis., for plaintiff.

Stewart G. Honeck, Milwaukee, Wis., for defendant Ranchers Fur Auctions.

Richard P. Tinkham and Charles D. Patterson, Wausau, Wis., for defendant Standard Marine Insurance Co. Limited.

GRUBB, District Judge.

This case is before the court on plaintiff's motion to remand to the state court from which the action had been removed by defendant, Standard Marine Insurance Company Limited (hereinafter called the "Insurance Company"), a foreign corporation.

Plaintiff, a resident of Wisconsin, seeks to recover for losses allegedly sustained as a result of destruction by fire and theft of mink pelts which had been consigned to defendant, Ranchers Fur Auctions (hereinafter called "Ranchers"), a Wisconsin cooperative.

Plaintiff's claim against Ranchers is based on a "Pelt Marketing & Pelt Insurance Agreement" whereunder Ranchers was to procure insurance against loss of pelts consigned to it. Plaintiff's claim against the Insurance Company is based on the policy purportedly procured by Ranchers for the benefit of plaintiff pursuant to the marketing and insurance agreement.

Ranchers did not answer the complaint prior to removal to federal court, but it filed a cross-claim against the Insurance Company, adopting the complaint for purposes of the cross-claim and asking for indemnification in the event plaintiff succeeded against Ranchers.

After filing of the motion to remand, Ranchers answered the complaint, admitting the validity of the Pelt Marketing & Pelt Insurance Agreement. It tendered its defense of proof of loss to the Insurance Company and denied liability for any loss in excess of the policy limits or any loss other than that covered by the policy in suit.

The Insurance Company contends that the interest of plaintiff and Ranchers in this action is substantially similar. It submits that Ranchers should, therefore, be realigned as a party plaintiff, thereby establishing diversity of citizenship between parties plaintiff and defendant to support federal jurisdiction.

It appears from the pleadings that while there is no conflict between plaintiff and Ranchers as to the validity of the Pelt Marketing & Pelt Insurance Agreement between these parties, the issues concerning proof of loss and liability for loss are in dispute. That these issues may be contingent upon plaintiff's success against the Insurance Company does not render them nonjusticiable. Ranchers has indicated by its pleadings and again on hearing of the motion to remand that its position in this suit is adverse to that of plaintiff. Under these circumstances there can be no realignment of Ranchers as a party plaintiff. Green v. Green, 218 F.2d 130, 145 (7th Cir., 1954), cert. denied 349 U.S. 917, 75 S.Ct. 606, 99 L.Ed. 1250. The requisite diversity of citizenship cannot be established, and there is no federal jurisdiction over the cause which must be remanded to state court.

Counsel for plaintiff is hereby directed to prepare an order granting its motion to remand in accordance with the foregoing decision, submitting said order to counsel for the parties defendant for approval as to form only.